tion described an offense in the language of par. 22—40 and that the error in the indictment is the erroneous reference to par. 22—3 of ch. 38. ■■ Paragraph 111—3, ch. 38, Ill. Rev. Stat. 1969, with reference to form, requires that a charge shall be in writing and allege the commission of an offense by stating the name of the offense and citing the statutory provision alleged to have been violated. An indictment or information otherwise valid that is defective in that it does not cite the statutory provision alleged to have been violated is not thereby rendered void. (*People v. Adams*, 113 Ill.App.2d 276, 252 N.E.2d 65.) Such omission while error does not vitiate the indictment. *People v. Hampton*, 105 Ill. App.2d 228, 245 N.E.2d 47; see also *People v. Garner*, 109 Ill.App.2d 81, 248 N.E.2d 313.

■■ The indictment here under review stated an offense within the purview of par. 22—40 and it was error to dismiss the indictment. Accordingly, the judgment of the circuit court of Champaign County is reversed and this cause is remanded to that court for further proceedings in accordance with the views herein expressed.

Reversed and remanded with directions.

SMITH and SIMKINS, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERT HEATON, Defendant-Appellant.

(No. 11832;

Fourth District—October 17, 1972.

Opinion by Mr. JUSTICE SMITH.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

No appearance for the People.